[No. 7236.]

BURGESS ET AL. v. WARR ET AL.

1. PLEADINGS—*Construed*—*Surplusage*— The complaint averred that plaintiffs and other persons named executed to defendant certain joint promissory notes, the consideration being an interest to each subscribing in a certain stallion; that defendants procured from each of the plaintiffs the further consideration of one hundred dollars, "by fraud and false representations in this, to-wit:" that each of the plaintiffs performed services for defendants to the value of one hundred dollars, and defendants stipulated with each of them to endorse on the note first to mature one hundred dollars for each of the plaintiffs, but that defendants immediately assigned the note without making such credit. *Held*, that the complaint stated a cause of action; that the averment as to fraudulent representations was surplusage.

2. EVIDENCE—*Burden of Proof*—Defendant pleading payment has the burden of proving his plea.

*Error to Rio Grande County Court.*—Hon. ALDEN BASSETT, Judge.

Mr. ARTHUR PONSFORD and Mr. GEORGE P. STEELE, for plaintiffs in error.

Mr. J. C. WILEY, for defendants in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

Defendants in error, as plaintiffs in the court below, recovered judgment against plaintiffs in error. The complaint alleged, substantially, that defendants, through an authorized agent named, secured from plaintiffs and twelve other designated persons, their two certain joint promissory notes for the principal sum of $1,500 each, payable in one and two years respectively; that the consideration of the notes was an interest to each of the signers thereof, in and to a certain stallion, as represented by certificates of ownership; that defendants, through their authorized agent, "obtained from plaintiffs and each of them, aside from their signatures on the respective obligations on said notes, a further consideration of one hun-

dred dollars ($100.00) from each of said plaintiffs, which last named amount was obtained by said defendants, through the said agent, by fraud and through false and fraudulent representations in this; that plaintiffs and each of them paid to, and performed services for, said defendants amounting to $100.00 for each of plaintiffs, and the said defendants by their said agent stipulated and agreed with plaintiffs, and each of them to endorse on the back of the one first due of said notes, the amount of $100.00 for each of plaintiffs, thereby showing and giving credit to the plaintiffs on account of the purchase price of said horse in the sum of $100.00, for each of these plaintiffs;" that defendants failed to make the endorsements upon the note for the benefit of the plaintiffs, or at all, but immediately sold and disposed of each note, without any credit having been made thereon for plaintiffs, or either of them, with the intent to cheat, wrong and defraud plaintiffs.

The only pleading upon the part of defendants was an answer, which admitted that defendants secured from plaintiffs the promissory notes; that plaintiffs, and each of them, performed services for the defendants of the agreed value of $100.00 each, in and about the sale of the horse mentioned in the complaint. Alleged, substantially, that defendants sold and delivered to plaintiffs and sixteen other persons named, one stallion in consideration of $3,600; that upon delivery of the horse, the defendants issued to the purchasers respectively certificates showing the amounts of their respective interests therein; that it was agreed between the defendants and purchasers that upon the delivery of the horse, said purchase price $3,600 should be paid in the form of two joint promissory notes of $1,800 each, due in one and two years thereafter, with interest, and that defendants, in consideration of the services of $100 each rendered by plaintiffs, were to endorse such sum to the credit of each of plaintiffs upon the note first falling due; that instead of the execution and delivery of the two $1,800 notes, the notes for $1,500 were executed and delivered, and that plaintiffs were not entitled to

any credit upon the notes, or to any sum from defendants, and that the complaint fails to state facts sufficient to constitute a cause of action. A replication was filed and the cause tried, resulting in a judgment as hereinbefore stated.

While we are unable to commend the complaint as a model pleading, we think it sufficient to support the judgment. It states a cause of action for the recovery of a specific sum of money, which should have been paid by defendants in a particular way, but was not so paid. The allegation as to false and fraudulent representations, upon the part of defendants' agent is merely surplusage. The defendants admit the employment of plaintiffs, and the value of their services in the sale of the horse, but claim that payment thereof was to have been made, and was made in a different manner than that claimed by plaintiffs. The court, to whom the case was tried without a jury, found for plaintiffs, and we are not disposed to disturb that finding.

The only evidence tending to support the defense was, that the agent who made the sale and delivered the horse, was authorized to sell him for $3,600, and issued certificates to that amount. Defendants question the authority of their agent making the sale, to agree to make the endorsement upon the note as plaintiffs claim he did. We think authority in the agent in that behalf is clearly disclosed by the record. He was the selling agent, with the horse in his possession, delivered the same, and received the notes. The agreement to endorse the credit was made prior to the execution of the notes and as part of the transaction. Moreover, agency in that respect is, in effect, conceded. The defendants in their answer admit the employment of plaintiffs, the value of the services in the sum claimed, that such services were rendered for defendants in the sale of the horse, and that defendants agreed to pay therefor in a particular way. Defendants having admitted the indebtedness and pleaded payment, it devolved upon them to prove the plea. This they failed to do.

Gibson,. W. M. Gibson, Herman Loehr, John Cleghorn. and

The judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.